IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES BOBBY DAVENPORT,

    Plaintiff,                               No. 2:13-cv-00037 DAD P

    vs.

PONCE, et al.,

    Defendants.                  <u>ORDER</u>

/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has neither filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, nor paid the filing fee for this action.

        The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

/////

1

1  In this case, the named defendants are located in Monterey County and plaintiff's
2 claim arose in Monterey County.  Monterey County is located within the boundaries of the
3 Northern District of California.  Therefore, plaintiff's claim should have been filed in the United
4 States District Court for the Northern District of California.  In the interest of justice, a federal
5 court may transfer a complaint filed in the wrong district to the correct district.  <u>See</u> 28 U.S.C.
6 § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

7  Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
8 United States District Court for the Northern District of California.

9 DATED: January 16, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

14 DAD:mp/4
dave0037.21a